IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LENNIL L. JOHNSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-cv-336-DRH |
| | ) | |
| MEARL JUSTUS, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

At the time he filed his pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and his

motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, Plaintiff was confined at the

St. Clair County Jail (SCCJ) "for final disposition on a pending felony complaint." *See*

Attachment to Plaintiff's complaint, p. 1. Although it appears that *after* filing the complaint and

the instant motion to proceed *in forma pauperis* Plaintiff was released from confinement,[1] he was

detained at the time he filed these pleadings and, therefore, the prisoner provisions of 28 U.S.C.

§ 1915 still apply. *See Robbins v. Switzer*, 104 F.3d 895, 897-98 (7th Cir. 1997).

After determining that Plaintiff was "under imminent danger of serious physical injury"

as required by 28 U.S.C. § 1915(g) with regard to his claim that he was denied medical care for

his dental problem,[2] this Court assessed an initial partial filing fee of $6.67 based on the

---

[1]Plaintiff filed notices with the Court indicating a non-prison address. *See* (Docs. 11 and 12). Additionally, the Illinois Department of Corrections's inmate locator service indicates that Plaintiff is currently on parole.

[2]Plaintiff had three or more prior prisoner actions dismissed, or partially dismissed, on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Johnson v. Churchich*, 94-538-PER (dismissed as frivolous 1/24/95 );

information contained in Plaintiff's jail account statement.  *Robbins*, 104F.3d at 898-99.   This

Court further advised Plaintiff that he was obligated to pay the balance of the $350 filing fee (or

$343.33).  *Id*. at 899.  In lieu of paying the balance of the filing fee ($343.33), the Court

informed Plaintiff that he could seek *in forma pauperis* status with respect to the balance.  *Id*.

The Court directed (1) that Plaintiff pay the $6.67 initial partial filing fee with 15 days; and (2)

that Plaintiff pay the balance of the filing fee or seek leave to proceed *in forma pauperis* for it

within 15 days.

Although Plaintiff paid the $6.67 initial partial filing fee within the allotted time, more

than 15 days have passed and Plaintiff has neither paid the balance of the filing fee nor submitted

a proper motion to proceed *in forma pauperis* with respect to that amount.  Moreover, Plaintiff

has not explained why he has failed to comply with this Court's prior order or sought additional

time to comply with it.  Therefore, **IT IS HEREBY ORDERED**  this case is **DISMISSED** with

prejudice for failure to comply with an order of this Court.  FED.R.CIV.P. 41(b); *Robbins*, 104

F.3d at 899; *see also Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,*

34 F.3d 466 (7th Cir. 1994).  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED**.

**DATED:** January 20, 2010.


/s/   DavidRHerndon
**DISTRICT JUDGE**

---

*Johnson v. Stanley,* 95-507-WDS (dismissed as frivolous 8/7/95 ); *Johnson v. Washington,* 95-819-PER (dismissed as frivolous 7/11/96).  Thus, Plaintiff could not proceed *in forma pauperis* unless he was " under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).